```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

CAYLIN PATRICK BLACK,        )
                             )
        Petitioner,          )
                             )
    v.                       )     Case No. 2:14-CV-423
                             )
SUPERINTENDENT,              )
                             )
        Respondent.          )

**OPINION AND ORDER**

Caylin Patrick Black, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and 40 year sentence by the Grant Superior Court on September 1, 2009, under cause number 27D02-0802-FA-14. (DE 1.)

BACKGROUND

In deciding this habeas petition, the Court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Black's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Black's offense as follows:

> On September 25, 2007, the Grant County JEAN team drug task force conducted a controlled buy of cocaine from Black. Marion Police Department Detective Ross Allen was the lead detective, while Marion Police Department

-1-

> Detective Sergeant Mark Stefanatos and Grant County Sheriff's Department Lieutenant Michael Andru also participated in the operation. They used a confidential informant, Maurice Rogers, to select the dealer. Rogers was working with the police in exchange for the dismissal of three class B felony cocaine delivery charges. The officers equipped Rogers with a camera and a listening device, searched him prior to the buy, provided him with five hundred dollars of buy money, and dropped Rogers off in Black's neighborhood. Rogers had telephoned Black in advance to arrange the buy. Once there, Rogers met with Black, went inside Black's home, gave him the buy money, and Black gave Rogers the cocaine. The cocaine weighed 6.94 grams. The transaction was recorded.
>
> The State charged Black with one count of dealing in cocaine as a class A felony and filed an habitual offender enhancement. A jury found Black guilty of dealing in cocaine as a class A felony and the State dismissed the habitual offender enhancement. The trial court sentenced Black to a term of forty years executed.

*Black v. State*, Cause No. 27A04-0909-CR-501 (Ind. Ct. App. June 10, 2008); DE 8-5.

After his conviction, Black appealed, arguing: (1) his right to a speedy trial was violated; (2) the trial court improperly limited cross-examination of the confidential informant; (3) the prosecutor improperly withheld impeachment evidence violating due process; and (4) trial counsel was ineffective for failing to object to the admission of the cocaine. (DE 8-3.) The Indiana Court of Appeals affirmed Black's conviction and sentence. (DE 8-5.) Black then sought transfer from the Indiana Supreme Court, arguing: (1) the State violated Indiana Criminal Rule 4; (2) the trial court improperly limited cross-examination of the confidential informant; (3) the court of appeals erred when it found Black's claim under

*Brady v. Maryland* to be waived; and (5) trial counsel was ineffective for failing to object to the admission of the cocaine. (DE 8-6.) The Indiana Supreme Court denied transfer.

On March 23, 2012, Black filed an amended petition for post-conviction relief in State court. (DE 8-7; 8-8.) After a hearing, the post-conviction court denied Black's request for post-conviction relief. (DE 6-1; DE 8-8.) Black appealed, arguing that: (1) the State failed to disclose the confidential informant's prior theft conviction; (2) newly discovered evidence that the confidential informant had a mental illness warrants a new trial; (3) the trial court improperly limited cross examination of the confidential informant. (DE 8-9; 8-10.) The Indiana Court of Appeals denied Black's appeal. (DE 8-9; 8-12.) Black sought transfer to the Indiana Supreme Court, claiming: (1) the trial court improperly limited cross examination of the confidential informant; and (2) the State failed to disclose a prior theft conviction of the confidential informant in violation of *Brady v. Maryland*. (DE 8-13.) The Indiana Supreme Court denied transfer. (DE 8-9.)

On November 17, 2014, Black filed this federal habeas petition challenging his conviction and sentence, arguing that: (1) the trial court improperly limited cross-examination of the confidential informant; (2) the trial court violated his speedy trial right under Indiana Criminal Rule 4(A); (3) the State

improperly delayed disclosure of the confidential informant's criminal history; (4) the State failed to disclose the confidential informant's past theft conviction; (5) trial counsel was ineffective for failing to object to the admission of the cocaine; (6) trial counsel was ineffective for failing to investigate the confidential informant's mental health history; and (7) trial counsel was ineffective for conceding Black's guilt during closing argument. (DE 1.)

DISCUSSION

Black's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an

unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We
> have explained that clearly established Federal law for
> purposes of §2254(d)(1) includes only the holdings, as
> opposed to the dicta, of this Court's decisions. And an
> unreasonable application of those holdings must be
> objectively unreasonable, not merely wrong; even clear
> error will not suffice. To satisfy this high bar, a
> habeas petitioner is required to show that the state
> court's ruling on the claim being presented in federal
> court was so lacking in justification that there was an
> error well understood and comprehended in existing law
> beyond any possibility for fairminded disagreement.

*Woods v. Donald*, 575 U.S. \_\_, \_\_; 135 S.Ct. 1372, 1376 (2015).
(quotation marks and citations omitted).


Ground One

Black claims that he was denied his Sixth Amendment right to confront witnesses when the trial court limited his cross examination of the confidential informant, Maurice Rogers. He argues that the trial court should have allowed him to ask Rogers about the possible penalties Rogers would have faced - including with his habitual offender status - had he not entered into an agreement with the State to act as a confidential informant. Black claims the jury could have had a different impression of Rogers' credibility had they been told about these potential penalties.

The Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution to be

confronted by the witnesses against him. *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (citing U.S. Const. amend VI). The right to confront includes the opportunity of cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986). Exposing a witness' motivation in testifying is an "important function" of cross examination. *Id.* Yet, "trial judges retain wide latitude insofar as the confrontation clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.* at 679.

The Indiana Court of Appeals determined that Black's challenge to the limits the trial court placed on his cross-examination of Rogers had no merit.

> Further, the trial court did not abuse its discretion by limiting Black's ability to introduce evidence of Rogers's potential sentencing exposure had he not chosen to work for the State as a confidential informant. The sentence Rogers potentially faced could have been anything ranging between six and sixty years without consideration of an habitual offender enhancement. Black had already established Rogers's bias and his desire to help the State in order to avoid a prison sentence. Even if we were to conclude that the trial court abused its discretion by so limiting Black's cross-examination of Rogers, a conclusion we do not reach here, any error would be harmless given the strength of the State's case against Black.

(DE 8-5 at 8).

The Indiana Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of, clearly

established federal law. As the court of appeals noted, and consistent with Supreme Court precedent, the trial court has wide latitude to impose reasonable limits on cross-examination. The court of appeals analyzed the decision of the trial court and determined that the trial court allowed cross examination in a manner that exposed Rogers' bias and comported with Black's confrontation rights. The court of appeals noted that the trial court decided to limit the cross examination because it was speculative and because bias had already been established. The reasons given were all consisted with established federal law.

Moreover, the trial court's decision to limit cross examination is supported by the facts of the case. At trial, defense counsel questioned Rogers regarding the potential penalties he faced before agreeing to be a confidential informant. The jury heard that Rogers faced three felony drug charges and that he was required to assist the police in Black's arrest in exchange for dismissal of those charges. (Tr. 318-19; 366-383). It is unclear what further probative value would be achieved in providing the jury with additional information regarding maximum penalties faced for being a habitual offender. As a result, the court cannot say the that limitation on cross examination was improper or a basis for habeas relief.

Ground Two

Black claims that his Sixth Amendment right to a speedy trial was violated when the court took over seventeen months after his arrest to be tried.[1] A Sixth Amendment Speedy trial claim is evaluated by applying a balancing test:

> That four-part test considers: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result.

*Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. Ill. 2014) (citations and quotations omitted). A delay of more than one year is presumptively prejudicial, *Doggett v. United States*, 505 U.S. 647, 651 (1992), but depending on the circumstances, delays of more than five years may not be a denial of a defendant's constitutional right to a speedy trial. *Barker v. Wingo*, 407 U.S. 530 (1972).

The Indiana Court of Appeals, citing to above the four-part test, determined that no speedy trial violation occurred:

> Our review of the record before us leads to the conclusion that Black's constitutional right to a speedy trial was not violated. The delay between the time of Black's arrest and his trial is attributable to congestion of the court's calendar and Black's own request for a continuance. The prosecution had no reason for delay. Black did not object to the August 10, 2009 trial date until July 6, 2009. Further, Black has failed

---

[1] To the extent Black argues that his speedy trial rights under Rule 4(A) were violated, that is not cognizable. Federal habeas relief is only available to a person in custody in violation of federal law. 28 U.S.C. § 2254(a). Federal habeas relief is unavailable to remedy errors of state law. *Dellinger v. Brown*, 301 F.3d 758, 764 (7th Cir. 2002).

>     to establish prejudice. We conclude that Black has failed
>     to show that his constitutional right to a speedy trial
>     was violated.

(DE 8-5 at 6.)

The Indiana Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law. As the court of appeals noted, and consistent with Supreme Court precedent, the speedy trial analysis is a fluid test. In analyzing this test, the court of appeals considered the length of the delay, the defendant's late assertion of his right to a speedy trial, the fact that the government was not to blame for the delay and the absence of any prejudice suffered by the defendant. The reasons given were all consisted with established federal law. Black has provided nothing to refute the court of appeals decision. Therefore, there is no basis to grant habeas relief.

Ground Three

Black argues that the State violated his due process rights when it did not provide him with Rogers' criminal history until ten days before trial. Such a delay, Black contends, is violative of the constitution.

"When the government deliberately or inadvertently withholds evidence that is material and favorable to the defense, it violates the defendant's right to a fair trial, which is guaranteed by due

process." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008) (citing *Brady v. Maryland*, 373 U.S. 83 (1963).) The government has a duty to disclose impeaching or exculpatory information, regardless of whether it is specifically requested by the defendant. *Id.* This includes information about an agreement, either express or tacit, between the prosecution and a state witness. *Wisehart v. Davis*, 408 F.3d 321, 324 (7th Cir. 2008).

The Indiana Court of Appeals found that Black waived this claim. Nevertheless, it went on and properly identified these governing principles in resolving Black's *Brady* claim and determined no *Brady* violation existed. (DE 8-5 at 9-10.)

> The defense not only knew about the existence of Rogers's prior criminal history before trial, but attempted to have Rogers's entire criminal history introduced as Defendant Exhibit E.
> The record presented to us on appeal fails to establish that the State suppressed or failed to disclose Rogers's criminal record. The record shows that the State filed discovery notices and turned over discovery, although what items were included in that discovery is not clear. Nonetheless, assuming without deciding that the State possessed the criminal records, but did not disclose them, Black has failed to establish a *Brady* violation. If favorable evidence becomes known to the defendant before or during the course of a trial, *Brady* is not implicated.

(DE 8-5 at 10.) (citations omitted.) The Indiana Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Indeed, here, Black's *Brady* claim - premised on not receiving the confidential informant's criminal history until ten days before trial - is not a *Brady* violation at all. *See e.g. United States v. Kelly*, 14 F.3d

1169, 1176 (7th Cir. 1994) (finding that the prosecutor disclosing *Brady* material before the conclusion of the government's case-in-chief does not violate due process). Therefore, this claim is not a basis for habeas relief.

Fourth Claim

Black raises a second *Brady* claim based on the State's failure to disclose Rogers' 1999 conviction for theft. To prevail on a *Brady* claim, a defendant must establish: (1) that the evidence was suppressed by the prosecution; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial. *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001) To be material to an issue, "there must be a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

The Indiana Court of Appeals correctly set out the applicable legal standards. (DE 8-5 at 9). In doing so, the court determined that:

> Black has also failed to show that the 1999 theft conviction was material to an issue at trial. It reasoned that Black was allowed to cross-examine Rogers, within reasonable limits, about his criminal history and that he was facing three class B felony charges when he decided to work as a confidential informant for the State. . .. There was no *Brady* violation here.

(DE 8-5 at 10.) Thus, the court concluded that even if defense

-11-

counsel could have questioned Rogers on a ten year old theft conviction, the outcome would not have been different.

The Indiana Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Although Black claims that attacking Rogers' credibility with the theft conviction was necessary, the jury was presented with significant information challenging Rogers's credibility. As the Respondent correctly notes, at trial the defense pointed out:

> (1) that the informant faced "serious" charges before working as a confidential informant (Tr. 383); (2) that the informant was doing what he had to do to avoid prison time, in that he "desperately" did not want to go to prison (Tr. 383); (3) that the informant is a heroin user and / or heroin addict (Tr. 336); (4) that the informant was required to assist in the arrest of Petitioner in exchange for a reduction or dismissal of the charges he faced (Tr. 337); (5) that the informant, and not the police, selected the dealers he would buy from as a confidential informant (Tr. 340); (6) that charges against the confidential informant were indeed dismissed (Tr. 340); and (7) that the confidential informant had worked another time as a confidential informant, thus establishing the inference of a lengthier criminal history than the one established by the latter plea agreement alone (Tr. 358, 362, 363).

(DE 8 at 19). Even without the 1999 theft conviction, Rogers' credibility was sufficiently challenged. Thus, the court can not say that further attacking Rogers' credibility with the 1999 theft conviction would have altered the outcome.

Moreover, while Black argues that his conviction rises and falls on Rogers' credibility, there is more evidence of Black's

guilt in this case than just Rogers' testimony. Law enforcement equipped Rogers with a camera and a listening device to record a drug purchase from Caylin Black. (Tr. 281-286). Officers also strip searched him prior to the buy and provided Rogers with five hundred dollars ($500) of buy money and dropped him off in Black's neighborhood. (Tr. 318-327, 385-389, 392-402). After the police dropped Rogers off near the site of the delivery, Rogers met with Black outside of Black's home, they then went inside the home. (Ex. 1) Rogers gave Black the $500 and Black gave Rogers cocaine. (Ex. 1; Tr. 324). Officers then picked Rogers up before he interacted with anyone else. Even though the drug transaction itself was not caught on camera, it is obvious that it took place. Rogers went into Black's home with $500 and no cocaine. He came out of Black's home with cocaine and no money. Because of this additional evidence, Black's conviction did not hinge on Rogers' credibility alone. Thus, the admission of Rogers' 1999 theft conviction would not have altered the outcome of the trial and this ground is not a basis for habeas relief.

Ground Five

Black contends that he received ineffective assistance of counsel because trial counsel failed to challenge the weight of the cocaine. Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel—that is,

representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009). To prevail on such a claim, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984).

The Indiana Court of Appeals cited this standard and, upon examining the record, found that

> [D]uring the testimony of Detective Ross Allen, the State moved to admit State's Exhibit 3, the cocaine, and Exhibit 5, the evidence sheet. Black's trial counsel objected to their admission on chain of custody grounds, a discrepancy regarding the weight of the cocaine, and the lack of evidence that the laboratory scales used to weight the cocaine were certified. Black's counsel made the very argument that Black claims his counsel failed to make. Trial counsel simply made the argument during the State's attempt to admit the evidence, and not earlier. We conclude that Black has failed to establish that he received ineffective assistance of counsel.

(DE 8-5 at 12.)

The Indiana Court of Appeals' decision was correct. Black's counsel did object to the admission of cocaine based upon a discrepancy of its weight. (Tr. 407-409). Because his counsel did precisely what Black claims he did not do, this claim fails.

Grounds Six and Seven

In his final two grounds, Black alleges his trial counsel was ineffective in two ways: (1) for failing to investigate Rogers' mental health records; and (2) for admitting Black's guilty during

closing arguments. The respondent argues that both of these claims are procedurally defaulted.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now

passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

The respondent claims that Black has not presented either of these claims in one complete round of state review. In his traverse, Black admits that these claims are procedurally defaulted. (DE 15-1 at 39). Black filed a 52-page traverse in support of his petition, but he does not assert any basis for this court to excuse his procedural default concerning his ineffective assistance claim against his attorney for conceding his guilt during closing arguments. (See DE 15-1.) He does, however, seek to be excused from not raising his ineffective assistance claim for failing to investigate Rogers' mental health records. (Id. at 39-51.) Black claims that he did not have enough information to raise this issue on direct appeal. (Id. at 41). This does not explain, however, why Black did not raise and exhaust the issue during his post conviction proceedings. Indeed, he had these materials during his post-conviction proceeding. Thus, he seemingly could have raised the issue there. That is typically when such claims arise anyway.

Assuming *arguendo* that Black could overcome the procedural default of his claim pertaining to counsel's ineffectiveness for failing to investigate Rogers' mental health history, the claim would fail on the merits. Black must show there is a reasonable probability that "but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome," and it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Instead, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. Where it is expedient to do so, the Court may resolve an ineffective assistance claim solely on the prejudice prong, because if the petitioner cannot establish prejudice, there is no need to "grade" counsel's performance. *Id.* at 697.

Here, Black claims that his counsel failed to investigate and discover Rogers' mental health records, which could have been used to impeach Rogers' testimony and establish that he was not credible. To the extent Rogers had shortcomings as a witness, the jury was made aware of many of them. Rogers acknowledged during cross-examination that he was a former heroin addict. (Tr. 336.) He also admitted to having been working as a confidential informant in exchange for having his drug charges dismissed. (Tr. 337.) Rogers also admit that he had made prior inconsistent statements throughout this case. (Tr. 346-349.) And, defense counsel also established that Rogers had some memory issues. (Tr. 347.) Despite the evidence negatively impacting Rogers' credibility, the jurors, who had the opportunity to see and hear her testimony first-hand,

chose to believe him.

Black believes if the jury would have heard about Rogers' mental health history, which included drug and alcohol dependency and a diagnosis of being mildly mentally retarded, the jury would not have believed his testimony and Black would not have been convicted. This Court disagrees. To the extent the mental health records would further diminish Rogers' credibility as a witness, the jury was already fully aware of many issues impacting his credibility. The jury nevertheless chose to credit Rogers' testimony. This is likely in large part due to corroborating testimony from officers and the electronic surveillance.

This Court cannot make a probabilistic determination that a reasonable jury would reach a different result if it heard about Rogers' mental health history. *See Whitlock v. Godinez*, 51 F.3d 59, 64 (7th Cir. 1995) (petitioner did not establish actual innocence based on new evidence that "add[ed] to the baggage" of the state's two principal witnesses, since the jury had been "well aware of serious attacks upon the credibility" of these witness at trial). While this type of circumstantial evidence might be "somewhat probative," it is not "direct evidence" of Black's innocence like eyewitness testimony or reliable physical evidence. *See Whitlock*, 51 F.3d at 64; *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010) ("troubling" new evidence impugning the credibility of state's witness did not establish actual innocence, since at best it

established a "mere possibility" that a jury presented with the evidence would have exonerated the petitioner, "not a probability, as is required."). Thus, this is not a ground for habeas relief.

Certificate of Appealability

As a final matter, pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, some of Black's claims are procedurally defaulted, and he has not provided any meritorious basis for excusing his default. As to his non-defaulted claims, Black has not made a substantial showing of the denial of a constitutional right, nor could jurists of reason debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Black a certificate of appealability.

CONCLUSION

For the reasons set forth above, the Court:

(1) **DENIES** the petition (DE 1); and

(2) **DENIES** the petitioner a certificate of appealability.


DATED: May 17, 2016                /s/RUDY LOZANO, Judge
                                   United States District Court